I fully concur in the majority's analysis and disposition of appellant's second assignment of error and all but assignment of error VI of the Cross-Appeal.
As to appellant's first assignment of error regarding their claim for fraud, the majority concludes appellant's evidence, when considered most favorably to them, is insufficient, as a matter of law, to establish fraud. The majority does so despite reciting the evidence appellant asserted to support this claim. (See Majority Opinion at 12). I agree with the conclusion that appellant's evidence was insufficient. I so find not because the evidence, when construed most favorably to appellant, was insufficient to support its claim that appellee intended to breach the management agreement before executing it in order to put appellant out of business, but rather because appellees' alleged misrepresentation related to future matters of fact, not present or past matters of fact, as is required to prove fraud. The alleged misrepresentation of appellees was their promise to perform under the terms of the contract in the future. Though appellant's evidence may have been sufficient to warrant a claim for bad faith in the performance of the contract, such claim was not asserted. Accordingly, I concur with the majority's decision to overrule this assignment of error.
As to cross-appellant's sixth assignment of error, the majority states Schluter did not object to the trial court's jury instructions. I disagree. Following the trial court's instructions to the jury, but before the jury began their deliberations, a discussion was held on the record outside the hearing of the jury. Therein, counsel for cross-appellant noted the trial court did not instruct on the duty to mitigate in a contract case and indicated he wanted the standard OJI instructions on contract law. "That portion [duty to mitigate] was omitted and we object to its omission." (Tr. at 1201).
The majority concludes the trial court did not err in refusing to instruct the jury on the issue of mitigation of damages, but fails to identify why it does so. I presume it does so on the basis of waiver, i.e., its mistaken finding that cross-appellant failed to object to the instruction as given and/or that cross-appellant's failure to submit proposed jury instructions pursuant to the trial court's request waived his right to have the instruction given. As to the first possible reason, the record is inapposite as noted supra. As to the second possible reason, I disagree.
I find cross-appellant timely preserved its objection to the omission from the instruction in accordance with Civ. R. 51(A). The issue becomes whether by failing to submit proposed written instructions prior to the trial court's instructing the jury, as requested by the trial court, cross-appellant has waived his right to have the jury instructed on this issue. I believe the answer is "no" in the case sub judice.
The duty to mitigate has been historically and widely recognized in the law and is incorporated in the general OJI instructions concerning damages in a breach of contract case. It is not a "special instruction" not presently included in the standard OJI instructions. As such, I find cross-appellant did not waive his right to inclusion of such a instruction by failing to submit proposed written instructions pursuant to the trial court's request. Though the jury might well have found cross-appellee met its duty to mitigate for the reasons set forth in its brief, cross-appellant was nevertheless entitled to have the jury instructed to resolve this issue. Accordingly, I would sustain this assignment of error and remand cross-appellee's counterclaim for a new trial.
 ____________________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
CASE NO. 96-CA-110
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, of Richland County, Ohio, is affirmed in part and reversed in part, and pursuant to App. R. 12, we enter final judgment in favor of defendants appellants/cross-appellees in the amount of $48,860.65.